INGRAM, Presiding Judge.
SouthTrust Bank filed an action against Albert and Otha L. Culver, seeking recovery on a promissory note. SouthTrust then filed a motion for summary judgment, which, after an ore tenus proceeding, was granted by the trial court. The Culvers appeal.
The record, in pertinent part, reveals the following: The Culvers executed and deliv *315 ered to Rahal Toyota, Inc., a conditional sales contract (contract) secured by a truck that was being purchased for the use of Otha L. Culver’s son. This contract was then assigned to SouthTrust.
The son was driving the truck and was involved in an accident, which resulted in a total loss of the truck. SouthTrust contacted the insurance company acquired by the Culvers concerning the accident and damages to the truck. However, the insurance company denied coverage due to a driver exclusion endorsement which excluded the son. As a result of this denial of coverage by the Culvers’ insurance company, and pursuant to the contract, SouthTrust purchased the requisite insurance coverage under its “Lenders Comprehensive Policy.” SouthTrust then filed a claim with its insurance agent, Overby-Seawell Company, and in return received a check for the actual cash value of the truck as payment on the claim. The insurance proceeds were then applied to the Culvers’ obligation with SouthTrust, leaving a deficiency balance. The truck was then transferred to Overby-Seawell Company.
On appeal, the Culvers first contend that the trial court erred in allowing an amended motion for summary judgment to be filed. However, this issue was never raised at the hearing below. The record is clear that the trial court held a hearing on SouthTrust’s motion for summary judgment. However, after a review of the record we cannot find where the Culvers made any objection concerning the amended motion. Neither did the Culvers’ motion for reconsideration and a new trial contain any such objection. Accordingly, we will not address this issue for the first time on appeal. Smiths Water Authority v. City of Phenix City, 436 So.2d 827 (Ala.1983).
The Culvers next contend that the trial court erred in granting a summary judgment because SouthTrust failed to comply with Ala.Code 1975, § 7-9-504(3). Specifically, the Culvers argue that they were not notified of the private sale or disposition of the truck, which served as a bar to any deficiency judgment. In support of their argument, the Culvers cite several cases concerning the notice requirement pursuant to § 7-9-504(3).
However, we would note that the trial court found that this case did not involve § 7-9-504(3). The trial court specifically found that the settlement of the damage claim did not involve a sale or other disposition of the collateral. Therefore, no notice pursuant to § 7-9-504(3) was required.
As noted above, the Culvers cite several cases concerning the notice requirement of § 7-9-504(3). However, those cases concerned fact situations coming within § 7-9-504(3). Here, the trial court found as a matter of law that that section was not involved, and the Culvers have cited no authority which would put the trial court in error. The Culvers merely contend that the trial court abused its discretion in finding that this case did not come within § 7-9-504(3). Clearly, the mere insistence of error without mention of authority does not amount to an argument pursuant to Rule 28. May v. State Dep’t of Human Resources, 512 So.2d 781 (Ala.Civ.App.1987). Therefore, this case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.